### THOMAS ET AL. *v.* LINCOLN.

### No. 6672.

PRINCIPAL AND AGENT.—*Sale by Agent.*— *What Necessary to . Entitle Him to Commissions.*—In order to enable an agent to recover for commissions on the sale of personal property, the sale must have been complete at the time of the commencement of the suit.

From the Huntington Circuit Court.

*J. B. Kenner*, for appellants.

*B. F. Ibach* and —— *Markell*, for appellee.

SCOTT, J.—The appellee sued the appellants, before a justice of the peace, for commissions in selling a steam engine. He had an attachment issued. Publication was made, and the trial was set for the 7th day of March, 1877. On that day, as is shown by the transcript, both parties appeared by their attorneys, and there was a trial and finding for the plaintiff for $75, and judgment. The appellants, from this judgment, took an appeal to the circuit court. The justice made out and filed a transcript in the circuit court, on the 25th of April, 1877. Neither the original nor a copy of the writ of attachment was in the transcript of the justice, though a copy of the constable's return to the writ was in the transcript.

The following was the only certificate to such transcript:

"Defendant moves for an appeal, and files bond with W. H. Meech as surety, which bond and surety are ap-

proved by me, and this cause is sent to the Huntington Circuit Court, June term, 1877.

"Jos. Z. Scott, J. P."

At the October term, 1877, of the circuit court, the cause was called for trial. The defendant, by his attorney, moved to quash the return of the constable to the writ of attachment. The motion was overruled, and the defendant excepted. A jury was then called to try the issue. The defendants' attorney, after the jury was sworn, moved to have the trial of the cause postponed for the purpose of having the transcript of the justice corrected, and in support of the motion filed the following affidavit:

"James B. Kenner, being duly sworn, on oath says, that as this case has come up early in the term, and that he has just discovered upon close examination of the transcript sent to this court by the justice is very defective, and is in such condition that the defendant can not safely go into the trial of this cause for want of a complete transcript, and says that it is defective in this, that the original writ of attachment is not sent up with the papers, neither is the denial by the defendant of the affidavit in attachment sent up; and the affiant further says, that the defendants, John H. Thomas & Sons, are now residents of the State of Indiana, and no personal service has been served on them, but only by publication as shown by the transcript; and affiant further avers, that he made a special appearance to said attachment suit before the justice, and denied the facts as set forth in the affidavit for attachment, and offered to prove that the attached property was not the property of John H. Thomas & Sons, and therefore defeat the case on the question of jurisdiction. Affiant says he did not make a general appearance for said Thomas & Sons, as shown now by the docket of the justice before whom the case was tried, but that, in making up said transcript, by mistake the justice entered in said transcript a full ap-

pearance. Said transcript is defective in the above matters, and defendants ask the court to certify an order on the justice to send to this court a full, true and complete transcript of his docket, and prays the court to continue or postpone the case until said corrected transcript is sent up." Subscribed and sworn to.

The court overruled the motion and ordered the trial to proceed, and to this ruling the defendant excepted. There was a verdict in favor of the plaintiff for sixty-three dollars and sixty cents. The plaintiff remitted from the verdict one dollar and fifty cents, and, over a motion for a new trial, judgment was rendered for the plaintiff for sixty-two dollars and fifty cents, "and the property attached is ordered sold to satisfy the said sum, interest and costs."

The appellee introduced in evidence the deposition of one McBeth, in which he states that the purchase of the engine was not completed, as it had been taken on trial and had not then, at the taking of the deposition, been accepted. He further states, that he did not buy the engine on the recommendation and information given by Lincoln, but from his own observation and Mr. Fasler's recommendation together.

In order to entitle the appellee to recover for commissions, we think the sale of the engine must have been completed; and as his own evidence shows that the sale had not been completed at the time of taking the deposition, and therefore not at the time of the commencement of the suit, we think the appellee failed to make a case, and the court erred in overruling the motion for a new trial.

The judgment is reversed, at the costs of the appellee, and the cause is remanded with instructions to grant a new trial, and for further proceedings.