Filed Jan. 31, 1890.

———◆———

No. 13,282.

### BRICKEY *v.* IRWIN.

PLEADING.—*Physician.—Professional Services.—Action to Recover for.—Complaint.—Failure to Aver Breach of Contract.*—A paragraph of complaint by a physician to recover for professional services and medicines furnished, which alleges a promise by the defendant to pay for the services and medicines, but fails to aver a breach of the promise, is bad, and subject to a demurrer.

SAME.—*Complaint Entitling Plaintiff to Part Relief.—Demurrer.*—Such a complaint, containing the other necessary averments, is not bad for a failure to allege that the medicines were furnished, if it shows that the services were rendered; for a complaint entitling a plaintiff to part of the relief sought, is good against a demurrer.

SAME.—*Services Rendered.—Direct Averment.—Absence of.*—A paragraph of

Brickey v. Irwin.

complaint, in such action, which avers that "the services rendered and medicines furnished were of the value of three hundred dollars and charged to the defendant," is bad because it does not aver directly that any services were rendered or medicines furnished.

From the Tippecanoe Circuit Court.

J. McCabe and E. F. McCabe, for appellant.

J. F. McHugh, for appellee.

ELLIOTT, J.—The appellee sought and recovered a judgment against the appellant for professional services as a physician and for medicines furnished.

The second paragraph of the complaint alleges that the plaintiff is, and for more than five years has been, a physician engaged in practice; that he was so engaged on the 15th day of November, 1883; that, on that day, the defendant was ill and employed the plaintiff as her physician to attend her and furnish her medicine; that she then and thereafter promised to pay him what his services and medicines would be reasonably worth; that in pursuance of such employment the plaintiff attended her as her physician from the 15th day of November, 1883, to the 26th day of January, 1884, and that the services so rendered, and medicines furnished, were of the value and reasonably worth three hundred dollars." There is no allegation that the defendant is indebted to the plaintiff, nor is there any allegation that the sum she promised to pay is due and unpaid. The contention of appellant's counsel that the demurrer to this paragraph of the complaint should have been sustained must prevail. It appears from the facts pleaded that there was a valid promise, but it does not appear that there was any breach of this promise. Without a breach there could be no cause of action. It is a familiar doctrine that the cause of action must be complete when the action is commenced, and that this must appear in the complaint. In the paragraph under examination this does not appear, for no breach is averred. The decisions fully support our conclu-

sion. *Wheeler, etc., Co.* v. *Worrall,* 80 Ind. 297; *Higert* v. *Trustees, etc.,* 53 Ind. 326; *Downey* v. *Whittenberger,* 60 Ind. 188; *Kent* v. *Cantrall,* 44 Ind. 452.

We are referred by appellee's counsel to the case of *Jaqua* v. *Cordesman, etc., Co.,* 106 Ind. 141, but that case is not in point, for there the complaint alleged that the defendant was indebted to the plaintiff and here there is no such allegation. Here there is a promise pleaded, but no breach averred, either directly or indirectly.

There is no force in the argument that as the complaint fails to allege that the medicines were furnished it is bad, for it does show that services were rendered, and to this extent, at least, would be good if a breach of the contract had been alleged, for a complaint entitling a plaintiff to part of the relief sought will repel a demurrer.

The third paragraph must be held bad for the reason that it does not aver a breach of the contract.

The fourth paragraph is bad because it does not aver that any services were rendered or medicines furnished. It alleges a contract, and avers that " the services rendered and medicines furnished were of the value of three hundred dollars, and were charged to the defendant," but it does not allege that any services were rendered or that any medicines were furnished. It is a familiar elementary rule of pleading that facts must be directly averred, and this rule is not complied with in this instance, for the utmost that can be conceded to the pleading is, that it may be conjectured that services were rendered and medicines furnished. It is not sufficient where the action is for services rendered or goods furnished, to state, by way of recital, that the services and goods were of a designated value, but it must be directly averred as a traversable fact that the services were rendered and that the goods were furnished. It can not be possible that a complaint to recover for the value of services rendered or goods furnished, can be good, on demurrer, without a direct averment of performance, and where there is no

allegation that the services were rendered or that the goods were furnished,   There is no averment of performance.

Other questions are discussed by counsel, but we do not deem it necessary to consider them, as the judgment must be reversed, and they may not again arise.

Judgment reversed.

