## J. F. AIGLER & CO. v. THE CARPENTER PLACE LAND COMPANY.

REAL-ESTATE AGENT—*Option Contract—Right to Commission.* Where a real-estate agent contracts with a landowner for a commission for the sale of his land, in order to recover for his services he must produce to the owner a purchaser ready, willing and able to buy upon the terms proposed; but if the purchaser is only willing to make an option contract, and prefers, under such a contract, as he has a right to do, to forfeit a small sum paid upon the execution of the contract rather than to accept the property, and the contract is thereby annulled, the real-estate agent cannot recover his commission, as if an actual sale had been made or agreed upon.

*Error from Wyandotte District Court.*

THE opinion states the facts. Judgment for the defendant *Company* at the June term, 1889. The plaintiffs, *Aigler & Co.,* bring the case to this court.

*S. L. Ryan,* for plaintiffs in error:

It was usual and customary at Kansas City and vicinity for real-estate agents to get their commissions out of the first money received on land sales made by them. Defendant recognized that at least $300 was due plaintiffs as earned commissions when it was agreed to pay that sum. In any event, plaintiffs were entitled to recover their commission on the $500 payment. *Peters v. Anderson,* 14 S. E. Rep. 974.

A purchaser having been produced who was accepted and contracted with, and whose willingness and financial ability to purchase were determined by defendant, it was not necessary, in order for plaintiffs to recover, that the sale should have been actually completed by the delivery of a deed of conveyance or an enforceable contract. *Hayden v. Grillo's Adm'r,* 42 Mo. App. 1. See, also, *Wray v. Carpenter,* 27 Pa. 248.

*Mills, Smith & Hobbs*, for defendant in error:

The history of this controversy, as presented in the case-made, is a complete answer to the brief filed by plaintiffs in error. Whether the agent's contract with the owner so specifies or not, the agent must find a purchaser who is willing and able to purchase on the terms offered by the owner, before he can recover commissions. *Lockwood v. Halsey*, 41 Kas. 166, 169, and cases there cited. See, also, *Stewart v. Fowler*, 37 Kas. 677; *Betz v. Land Co.*, 46 id. 45.

The opinion of the court was delivered by

HORTON C. J.: This action was brought by J. F. Aigler & Co. against the Carpenter Place Land Company, to recover $481.20, for a commission which they claimed was due them for services as agents in the sale of certain real estate belonging to the land company. The company employed the plaintiffs as its agents to find a purchaser for certain real estate, and authorized them to sell the real estate for a fixed price and on definite terms: $500 to be paid in cash, $1,500 in 15 days, and the balance in three equal annual installments, with 8 per cent. interest, for which the purchaser was to execute his notes and secure the same by mortgage on the real estate. The defendant was to pay a commission of 5 per cent. on the gross amount of the sale. D. S. Goodhue was introduced as a purchaser, and on September 21, 1887, signed a written option contract to purchase the real estate for $9,724. This was treated by the parties and the court below as only an option on the property. Goodhue refused to take the property, because he did not think it a good purchase. He preferred to forfeit $500, which he had paid for his option.

Under the facts disclosed, the plaintiffs were not entitled to their commission of 5 per cent. In order for a real estate agent to recover a commission from a landowner for the sale of his land, he must find a person ready, willing and able to buy upon the terms proposed; not one who will take an option only. If the land company had been able to collect the pur-

chase price ($9,724) from Goodhue, a different case would be presented. (*Dwyer v. Raborn*, 33 Pac. Rep. [Wash.] 350; *Potvin v. Curran*, 13 Neb. 302; *Jones v. Stevens*, 55 N. W. Rep. [Neb.] 251.)

The judgment of the district court will be affirmed.

All the Justices concurring.