(49 App. Div. 50.)

### WALSH v. GAY.

(Supreme Court, Appellate Division, Second Department. March 28, 1900.)

1. BROKERS—SALE OF REALTY—ACTION FOR COMMISSIONS.

    A broker is not entitled to commissions on an alleged contract of sale of realty, where the purchaser only enters into a preliminary contract, securing an option for the purchase, with which he fails to comply.

2. SAME—EVIDENCE.

    In an action by a broker to recover commissions for making a sale of realty, defendant may show that plaintiff knew that the purchaser presented by him simply obtained an option, and did not intend to buy unless he purchased some adjoining lots.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by Nicholas F. Walsh against William Gay. There was a judgment for plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Frederick A. Drake, for appellant.

Patrick J. O'Beirne, for respondent.

GOODRICH, P. J. The action is for the recovery of broker's commissions on an alleged contract for the sale of real property. The defendant was the owner of premises in the city. The plaintiff produced to him one Rosenberg as an intending purchaser. The defendant and Rosenberg made a written agreement respecting the sale, which provided that the defendant agreed to sell the premises to Rosenberg, who agreed—

"To pay the sum of $250 upon the signing this agreement, and a further sum of $750 upon the signing of the contract for sale, the said contract to be signed on Thursday, February 16th; * * * the said Rosenberg to forfeit the sum of $250 in case of refusal to sign said contract and complete the purchase of said property; the said contract to be closed 30 days from the date of the same.

| | |
|---|---:|
| Paid on agreement | $  250 |
| To be paid on contract | 750 |
| Cash | 9,500 |
| Assuming mortgage of | 5,000 |
| Making total | $15,500" |

Rosenberg testified that he never offered to pay the $750, and that the proposed contract of sale between him and Gay was never executed. It seems clear that this agreement was not a contract of

sale to Rosenberg, but only preliminary or provisional to such contract, and, as no contract of sale was ever executed between the parties according to the terms of the agreement, there was no actual or completed sale of, or contract to sell, the premises to Rosenberg. While this view compels a reversal of the judgment, yet, in view of the possibility of a new trial, it is proper to consider one of the exceptions to the exclusion of evidence. This is not a case where a broker has been employed by an owner of real property to sell it, and produce a party able and willing to make a purchase on the terms of the broker's employment. No such facts appear. On the contrary, the defendant offered to prove that the plaintiff knew that Rosenberg simply got an option upon, and did not intend to buy, this property, unless he also purchased some adjoining lots. The refusal to admit evidence on this subject was error. The judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.

HATCH, J. The engagement of a broker employed to sell land is to find for his principal a purchaser able, ready, and willing to buy the property upon the terms prescribed, and, if he fail in this respect, he is not entitled to compensation. Sibbald v. Iron Co., 83 N. Y. 378. The plaintiff in the present case did not meet this requirement. No sale was expected to be made unless the party proposing to purchase fulfilled the terms of the option agreement. At no time after its execution was he ready or willing to comply with it. All that he did was to pay $250 for the privilege of buying the property at a future time upon certain terms. As he failed to fulfill these terms, there was no sale, or at any time a binding agreement of sale, in consequence of which the plaintiff did not become entitled to compensation.

The judgment should be reversed.