## MILSTEIN v. DORING.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

VENDOR AND PURCHASER—CONTRACT—CONSTRUCTION—OPTION—BROKER—COMMISSION.

A contract containing an agreement on the part of the vendor to sell real estate on certain terms stated, and an agreement on the part of the vendee to pay a sum of money as a deposit, without any agreement to purchase the property or comply with the terms stated in the writing, is merely an option to purchase, and does not entitle a broker introducing the vendee to the vendor to a commission as for a sale of the property, where the option to purchase was never exercised, notwithstanding the willingness of the vendor to perform.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 76, 94–97.]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Perez Milstein against Catherine Doring. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Walter H. Dodd, for appellant.
Aronson & Kutner, for respondent.

MILLER, J. This is an appeal from a judgment of the Municipal Court in favor of the plaintiff, who brings this action as assignee of one Haskell Levy, to recover commissions claimed to have been earned by said Levy in effecting, as broker for the defendant, a contract of sale of certain real property of the defendant to one Goldman. According to the evidence of the plaintiff's assignor, he introduced said Goldman to the defendant, with whom the defendant entered into a written contract. This contract contains an agreement on the part of the vendor to sell the premises in question upon certain terms stated; the only agreement on the part of the vendee, stated in the writing, being an agreement to pay the sum of $200 as a deposit, which was paid; no agreement of the vendee to purchase the property or comply with the terms stated in the writing being in any way expressed. The vendee

failed to complete the purchase, although the vendor was at all times willing to complete upon her part.

No contract was ever made, enforceable against the vendee. An action could not be brought by the vendor, either to compel specific performance of the contract or to recover damages for its breach. The written contract was nothing more than an option for which the vendee paid the sum of $200, but which in no way bound him to comply with its terms. Within the authority of Condict v. Cowdrey, 139 N. Y. 273, 34 N. E. 781, and Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601, the broker's commission was never earned, and the plaintiff therefore cannot maintain this action.

The judgment appealed from must be reversed, and a new trial ordered; costs to abide the event. All concur, except HOOKER, J., not voting.