PEREZ MILSTEIN, Respondent, *v.* CATHERINE DORING, Appellant.

*Real estate broker — he is not entitled to a commission where the proposed purchaser simply agrees to and does pay a specified sum for an option.*

A broker employed by an owner of real estate to execute a sale thereof, who secures the execution of a contract which obligates the vendor to sell the premises in question upon certain specified terms, but which does not obligate the vendee to purchase the property, but only to pay $200 (which he does) for an option to purchase the premises on the terms stated, is not entitled, in the event of the refusal of the vendee to complete his purchase, to recover commissions from the vendor.

APPEAL by the defendant, Catherine Doring, from a judgment of the Municipal Court of the city of New York in favor of the plaintiff, entered on the 11th day of October, 1904.

*Walter H. Dodd*, for the appellant.

*Aronson & Kutner*, for the respondent.

MILLER, J.:

This is an appeal from a judgment of the Municipal Court in favor of the plaintiff, who brings this action as assignee of one Haskell Levy, to recover commissions claimed to have been earned by said Levy in effecting, as broker for the defendant, a contract of sale of certain real property of the defendant to one Goldman. According to the evidence of the plaintiff's assignor, he introduced said Goldman to the defendant, with whom the defendant entered into a written contract. This contract contains an agreement on the part of the vendor to sell the premises in question upon certain terms stated, the only agreement on the part of the vendee, stated in the writing, being an agreement to pay the sum of $200 as a

deposit, which was paid, no agreement of the vendee to purchase the property or comply with the terms stated in the writing being in any way expressed. The vendee failed to complete the purchase, although the vendor was at all times willing to complete upon her part.

No contract was ever made, enforcible against the vendee. An action could not be brought by the vendor, either to compel specific performance of the contract, or to recover damages for its breach. The written contract was nothing more than an option for which the vendee paid the sum of $200, but which in no way bound him to comply with its terms. Within the authority of *Condict* v. *Cowdrey* (139 N. Y. 273) and *Gerding* v. *Haskin* (141 id. 514) the broker's commission was never earned, and the plaintiff, therefore, cannot maintain this action.

The judgment appealed from must be reversed and a new trial ordered, costs to abide the event.

BARTLETT, JENKS and RICH, JJ., concurred; HOOKER, J., not voting.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.