No. 40,287

O. H. Hedges, *Appellant*, v. C. L. Keas and Kenneth C. Keas, doing business as Keas Drilling Company, and Frank D. Hotchkiss, *Appellees.*

(306 P. 2d 181)

Opinion filed January 12, 1957.

*George W. Donaldson*, of Chanute, argued the cause, and *John C. McCall*, also of Chanute, was with him on the brief for the appellant.

*Charles E. Henshall*, of Chanute, and *Thos. C. Forbes*, of Eureka, argued the cause, and *Harold G. Forbes*, and *George Forbes*, both of Eureka, were with them on the brief for the appellees Keas and Keas.

The opinion of the court was delivered by

Thiele, C. J.: Plaintiff commenced an action by the filing of a petition containing two causes of action, to recover a real estate broker's commission. The demurrer of the defendants, Keas and Keas, to both causes of action as alleged in plaintiff's second amended petition, later referred to as the petition, was sustained and in due time the plaintiff perfected his appeal from that ruling. Appellee Hotchkiss has filed no brief in this court. The term appellees as hereafter used refers to Keas and Keas. In this court plaintiff specifies as error only the ruling as to his second cause of action, but as the second cause of action makes the allegations of

the first cause of action a part of the second cause of action, a review of both causes of action is necessary.

Omitting allegations as to residence of the parties, the gist of the first cause of action in the petition is that plaintiff and the defendant Hotchkiss were partners, as the H & H Agency, and engaged in the general real estate business prior to April 25, 1953, when the partnership was dissolved and Hotchkiss took over the business except for commissions due the partnership on five business deals one of which was the commission due as later set forth. It was then alleged that on January __, 1953, the defendants Keas listed with the H & H Agency for sale certain oil and gas leases for $270,000, and the parties "entered into the usual and customary real estate listing agreement" and it was orally agreed that if the H & H Agency were successful in making such sale the defendants Keas would pay to the H & H Agency the regular and customary commission of five percent or $13,500; that the H & H Agency performed under the listing agreement which resulted in a contract of sale, a copy of the contract being attached as an exhibit to the petition. We pause here to state that an examination of that contract, dated March 27, 1953, discloses that it was not a contract of sale, but merely an option granted by defendants Keas to Husky Oil Company for a stated consideration of $13,500 to purchase for a total consideration of $270,000 upon conditions later noted so far as necessary. Plaintiff further alleged he did not know whether Husky Oil Company exercised its rights under the contract; that plaintiff had requested Hotchkiss to join as a party plaintiff but he had not accepted and being a necessary party, he was made a defendant. Plaintiff alleged there was due from the defendants Keas the sum of $13,500 and interest from March 27, 1953, and he prayed judgment for that amount. In his second cause of action plaintiff made the allegations of his first cause of action a part thereof, and alleged that if the contract between defendants Keas and Husky Oil Company was not a contract of sale, that plaintiff had earned under the listing agreement a commission of five percent on the $13,500 or $675 plus a commission of five percent on the reasonable cost of drilling of five wells by Husky Oil Company in the sum of $12,500 and that the commission would be $625 and he prayed for judgment on his second cause of action in the sum of $1,300 and interest from March 27, 1953.

In his brief in this court appellant states the question involved

is whether a real estate broker is entitled to a commission on the consideration paid for an option. Appellees state the question is whether the allegations of the second cause of action are of facts sufficient to constitute a cause of action. Both parties present their views accordingly.

In his brief appellant states the trial court gave no reason for its ruling. That court may have directed its attention to G. S. 1949, 67-1019, not mentioned in the brief of either party, which in substance provides that any person engaged in business as a real estate broker shall not be permitted to bring or maintain any action in the courts of this state for collection of compensation for the sale of real estate "without alleging and proving that such person was a duly licensed real estate broker" as required by the terms of the act (G. S. 1949, Ch. 67, Art. 10); to our decision in *Deines v. Frevert,* 170 Kan. 278, 224 P. 2d 1023, and to the fact that there was no appropriate necessary allegation in the petition, and have concluded no cause of action was stated. If the trial court had so ruled for the reason just discussed, there would have been no error, and possibly this opinion should end here. We have concluded, however, to treat briefly matters discussed in the briefs.

The demurrer raised a question as to the sufficiency of the pleadings. The listing agreement alleged was for a sale of the property and the allegation is made that the brokers performed under that agreement and that a contract of sale resulted. However, appellant attached a copy of the contract as a part of his petition and under well understood rules whether a sale resulted is determined by the contract rather than the pleader's conclusion. See *Missionary Baptist State Convention of Kansas v. State,* this day decided (*ante* 501). We have examined the contract and it was not a contract of sale, it was an option granted by the owners which, if exercised, would result in a sale. Appellant did not plead the option was ever exercised and we need not treat cases dealing with the earning of a commission where the optionee exercises the option. Appellant's allegation that he earned, under the listing agreement, a commission for the option, is a conclusion at variance with his allegation that the listing agreement was for the sale of the properties. Appellant contends, however, that if the original listing was only for compensation for sale, when the appellees executed the option agreement that act constituted a novation of the listing agreement and appellees cannot be heard to say they can

accept benefits and not pay for them. In 8 Am. Jur. page 1093, it is said in substance that the general rule is that a broker employed to sell property is not entitled to compensation from his employer where he merely procures a third party to take an option which is not exercised and the fact his employer enters into an option contract cannot be construed as a waiver by him of the original contract and an acceptance of such services as a complete performance on the part of the broker; that by granting the option the owner is merely helping to bring about the sale and such action does not imply he has made a new contract with the broker in which he agrees to pay for something different from the service originally contracted for. Appellant's contention that he pleaded facts leading to a conclusion there was a novation cannot be sustained.

Appellant also contends his allegations are broad enough to support a recovery on a *quantum meruit* basis. The contention overlooks the fact that appellant alleges he is entitled under the listing agreement to a commission of five per cent, his reliance on his alleged contract of employment for a definite amount, and the further fact that at no place in his petition does he specifically point out the particular services he rendered beyond the listing agreement and their value as separate from the five per cent noted in the contract.

In support of his contention he is entitled to a commission on the consideration paid for the option, appellant directs attention to *Aigler v. Land Co.*, 51 Kan. 718, 33 Pac. 593, and to *Davis v. Roseberry*, 95 Kan. 411, 148 Pac. 629. In the Aigler case this court held that where an agent contracts with the owner of land for a commission on the sale of land, in order to recover for his services he must produce a purchaser ready, able and willing to buy on the terms proposed, but if the purchaser is willing only to enter into an option contract providing for a forfeiture rather than accept the property, the contract is annulled and the agent cannot recover his commission. The opinion is short and discloses that the option was not exercised, and the optionee forfeited the consideration therefor. It was said in order for the agent to recover his commission he must find a person ready, able and willing to buy on the terms proposed, not one who would take an option only; that if the seller had been able to collect the purchase price, a different case would have been presented. There was no claim made as to

a commission on the consideration paid for the option and that matter was not discussed in any way. In the Davis case, reference is made to the Aigler case and an analysis made of it which is inaccurate, it being said the Aigler case holds that where the agent produces a buyer from whom the principal accepts a mere option, the agent is not entitled to his full commission. The use of the word "full" is inaccurate, and nothing warranting its inclusion can be found in the Aigler case. Then follows a statement that in a case of that kind the broker or agent is entitled to the usual commission on the amount of the option forfeited. The statement so made was beyond the issue in that case where a contract of sale and not an option contract was involved. The general rule is that a broker employed to find a purchaser is not entitled to compensation where he merely procured a third person to take an option on the property and the option is not exercised (see 8 Am. Jur. 1093, and an annotation on "Right of broker who procures one to take an option, to commissions." 23 A. L. R. 856).

Many decisions may be found where in determining the right to a commission the court considered whether the contract made involved a pure option, or a contract of sale which reserved the right to the purchaser to forfeit the initial payment made as liquidated damages for breach (see *Fuller v. Preston,* 107 Kan. 250, 191 Pac. 493). Of course if it be held a contract of sale was made, the right to a commission accrued. But that is not the situation alleged in the instant case, and that phase needs no further discussion.

We have concluded that all that appellant pleaded was a contract for a commission in the event his efforts produced a sale and that those efforts did not effectuate that result. Appellant pleaded no contract for a commission on any other basis.

It has not been made to appear that the trial court erred in its judgment and it is therefore affirmed.

HALL, J., not participating.