(942 P.2d 652)
No. 76,697

LAWRENCE R. BOLD, *Appellant*, v. LARRY S. SPITCAUFSKY, *Appellee*.

Opinion filed July 18, 1997.

*Thomas M. Franklin, Jack F. West,* and *Robert R. McQuain,* of Boland, McQuain, Block, Dehardt & Rosenbloom, P.C., of Overland Park, for the appellant.

*Andrew M. DeMarea, R. Lawrence Ward,* and *Philip W. Bledsoe,* of Shughart Thomson & Kilroy, P.C., of Kansas City, Missouri, for the appellee.

Before ROYSE, P.J., LEWIS and KNUDSON, JJ.

LEWIS, J.: Plaintiff Lawrence R. Bold maintained that defendant Larry S. Spitcaufsky was guilty of breach of a fiduciary duty and that the breach of that duty damaged plaintiff in excess of $50,000. The trial court granted summary judgment in favor of defendant, and plaintiff appeals.

Plaintiff and defendant were the owners of stock in a closed corporation known as Rosedale Bancshares, Inc., which we shall refer to as Rosedale. Plaintiff was a minority shareholder, and defendant was the majority shareholder in Rosedale.

There came a time where it was proposed that the corporation would borrow money from the stockholders and issue to the lender "convertible" promissory notes. These notes were on the one hand simply obligations of the corporation which would be repaid in dollars over a certain period of time at a specified interest rate. However, at the option of the holder, the notes could also be repaid by converting them into shares of stock of the corporation at a prearranged price.

The problems between plaintiff and defendant were exacerbated by the fact that a third party was interested in buying the bank owned by Rosedale for a price considerably in excess of 1.3 times book value. Under the convertible notes, defendant was in a position to convert the notes into Rosedale stock at a designated price of 1.3 times book value. The profit factor in this conversion is obvious. When defendant converted the notes into Rosedale stock, he not only stood to make a substantial profit, but he also diluted plaintiff's ownership interest.

Although the corporation appears to have issued at least seven different convertible notes between February 25, 1991, and October 18, 1993, plaintiff's lawsuit involved only one of those notes. The petition alleges, in pertinent part:

"16. In May 1995, Defendant purported to convert the 'convertible note' date[d] October 18, 1993 into 18,913 shares of Rosedale stock at $8.46 per share.

"17. Defendant's conversion of said 'convertible note' dated October 18, 1993, was a breach of fiduciary duties to Plaintiff as a minority shareholder.

"18. As a direct result of Defendant's breach of fiduciary duties as described in ¶ 17, Plaintiff suffered damages."

Thus, it is clear that this action is based on one convertible note issued for $160,000 which was, in fact, converted in May 1995. Plaintiff will be limited to whatever damages, if any, the conversion of this note caused to him. The other notes issued, whether converted or not, are basically irrelevant to this action and, in all probability, plaintiff will be unable to file any sort of action based on any notes other than the note involved in this litigation.

The plaintiff's petition alleges that defendant's breach of fiduciary duty occurred when he converted the note in question in May 1995. However, the trial court focused on other events. Defendant

argued that if there was a breach of fiduciary duty, it occurred when the shareholders and the board of directors authorized the issuance of the convertible note in question.

The trial court accepted the position of defendant in granting the motion for summary judgment.

The question in this case involves the statute of limitations and, for that reason, the dates on which certain events took place are most important. The note on which plaintiff bases his lawsuit was authorized by the shareholders of Rosedale at a meeting held on September 19, 1993. The board of directors of Rosedale voted to issue the convertible notes to defendant on September 22, 1993. Defendant acquired a $160,000 convertible note on October 18, 1993. Defendant converted the note in question into Rosedale stock on May 8, 1995. This lawsuit was filed on September 26, 1995.

Based on the facts and the dates set forth above, the trial court granted summary judgment to defendant because it found that the 2-year statute of limitations under K.S.A. 60-513(a)(4) had expired. The trial court concluded that the breach of fiduciary duty by defendant occurred, if it occurred at all, at the time of the stockholders' and board of directors' meeting in September 1993. Plaintiff's lawsuit was not filed within 2 years of either of those events.

Plaintiff appeals from the decision of the trial court.

## STANDARD OF REVIEW

In this case, the trial court granted defendant's motion for summary judgment on the grounds that his cause of action was barred by the statute of limitations. "Summary judgment is proper where the only question or questions presented are questions of law." *Fletcher v. Nelson*, 253 Kan. 389, 391, 855 P.2d 940 (1993). This court's standard of review is well known:

"The burden on the party seeking summary judgment is a strict one. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When opposing a motion for summary

judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. [Citations omitted.]" *Mitzner v. State Dept. of SRS,* 257 Kan. 258, 260-61, 891 P.2d 435 (1995).

## IS PLAINTIFF'S CAUSE OF ACTION BARRED BY THE STATUTE OF LIMITATIONS?

There appears to be no disagreement among the parties as to the dates recited above. The question is whether plaintiff's cause of action was barred by the statute of limitations. We conclude that it was not, and we reverse the decision of the trial court.

We begin by observing that it is often difficult in this state to determine when a statute of limitations begins to run and when an action is time barred. There have been a number of somewhat contradicting and confusing appellate opinions on the subject in the last few years. We approach the issue with some trepidation. Nevertheless, this is a task which must be undertaken and a problem which must be solved, and we do not shrink from it.

K.S.A. 60-513(a)(4) requires that actions for breach of fiduciary duty be brought within 2 years. *Boyle v. Harries,* 22 Kan. App. 2d 686, Syl. ¶ 7, 923 P.2d 504 (1996). "Kansas has always imposed a very strict fiduciary duty on officers and directors of a corporation to act in the best interest of the corporation and its stockholders." *Newton v. Hornblower, Inc.,* 224 Kan. 506, 514, 582 P.2d 1136 (1978). Despite all of the above, it is sometimes difficult to determine when a cause of action "accrues." The fact is, the breach of duty which underlies the claim may have taken place sometime prior to the actual accrual of the cause of action and the starting of the statute of limitations.

Accrual of a cause of action is a term of art and is explained by K.S.A. 60-513(b), which provides, in relevant part:

"[T]he causes of action listed in subsection (a) shall not be deemed to have accrued *until the act giving rise to the cause of action first causes substantial injury,* or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an

action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." (Emphasis added.)

In this case, the trial court granted summary judgment to defendant and explained itself as follows:

"The Court is inclined to and will sustain the motion to dismiss. Let me give you an idea as to my reasoning, counsel. It appears to me that the breach of fiduciary duty by Mr. Spitcaufsky occurred in September of 1993. And while I might have disagreement with the ruling in the *Cornett v. Roth* case, I'm obligated to follow that decision.

"And in that case Justice Holmes wrote that 'Assuming a fiduciary duty or a contractual duty existed, any alleged breach of that duty was clearly ascertainable at the time the agreements were entered into.'

"Now I think the situation is identical in this case in that assuming that a fiduciary contractual duty existed, and I think that that contractual or fiduciary duty is borne out by the record in the case at bar, then any breach of that duty was clearly ascertainable in September of 1993. The record is clear that Mr. Bold, in fact, objected to the action taken by Mr. Spitcaufsky at that meeting in September of 1993.

"I adopt, as the uncontroverted facts, the statement of uncontroverted facts No. 1 through 7 in the defendant's brief as my findings of fact and find and determine that the motion to dismiss should be sustained and that the cause of action of plaintiff is, in fact, barred by the statute of limitations. Having determined that the claim is barred by the statute of limitations, it's unnecessary to reach the other two grounds, and I decline to do so."

As we view the problem, it is not fatal to plaintiff's lawsuit that the breach of duty occurred in September 1993. We say this because we have concluded that even if the breach of the fiduciary obligation occurred in September 1993, plaintiff's cause of action for damages did not "accrue" at that time. We conclude that plaintiff was not damaged in any substantial fashion by the breach in 1993 and did not, in fact, suffer substantial damage until the note was converted in May 1995.

In this opinion, we will assume that the breach of fiduciary obligation occurred in September 1993. It is obvious that plaintiff knew, or should have known, that the breach of duty had taken place. However, that knowledge alone does not mean that the cause of action for breaching that duty accrued on the date of the breach. K.S.A. 60-513(b) provides that a cause of action does not accrue "until the act giving rise to the cause of action *first causes*

*substantial injury."* (Emphasis added.) It is the question of when injury first occurred on which we must focus.

In this case, the claimed act causing injury is the breach of a fiduciary obligation. The claimed injury was the conversion of a note, acquired in October 1993, into Rosedale stock in May 1995. Whatever defendant may have done prior to May 1995 caused no injury to plaintiff. Plaintiff's damages were caused by the conversion of the note in May 1995. This action was filed within 2 years of the date the breach of fiduciary obligation first caused substantial injury.

When the note was approved and issued in September 1993, plaintiff suffered no damage. The shareholder of a corporation, even a closed corporation, does not suffer damages when his or her corporation properly borrows money and issues a note. The fact is that unless and until that note was converted, it was nothing more than a debt of the corporation to be repaid in dollars according to its terms. Until the note was converted, it could not and it did not cause plaintiff to suffer any substantial damage. On the date it was approved and issued, any damages plaintiff might suffer in the future were purely speculative and dependent on whether the note would be converted into corporate stock. Plaintiff's damages occurred when the note was converted into stock. This diluted plaintiff's ownership in the corporation and reduced the value of his stock.

The trial court relied on the decision in *Cornett v. Roth*, 233 Kan. 936, 666 P.2d 1182 (1983), in making its decision. We do not consider *Roth* to be controlling or even particularly relevant to the issues presented in this case. *Roth* did not discuss, nor did it involve, an issue under K.S.A. 60-513(b). In *Roth*, there was apparently no question as to when substantial injury first occurred.

In *Roth*, the Supreme Court affirmed the trial court's decision that the plaintiff's action was barred by the statute of limitations. The issues were framed around the question of when the breach of fiduciary duty occurred. There was no issue on the question of when the act giving rise to the cause of action first caused substantial injury.

In addition, the plaintiffs in *Roth* were damaged immediately upon the signing of the agreement. The claim of damages was that the defendant had violated his fiduciary duty by preparing an agreement that called for inadequate payments which were unsecured. There were no contingencies involved; the payments began immediately, and plaintiff suffered immediate damage.

In *Roth*, the court dealt with a situation in which substantial injury was caused at the same time the breach of duty took place. This is not always true, as 60-513(b) demonstrates. There are and can be occasions when a duty is breached but causes no damage. In those cases, the cause of action does not accrue until the breach first causes substantial injury. A cause of action cannot be sustained when no damage is shown. Even if defendant breached his fiduciary duty to plaintiff by causing the shareholders and the board of directors to authorize the issuance of these convertible notes, plaintiff was not injured by that breach. Plaintiff's damages did not occur until the notes were converted into stock.

Our decision is illustrated by *State, ex rel., v. Masterson*, 221 Kan. 540, 561 P.2d 796 (1977). In that case, a county treasurer was sued to recover funds which had apparently been embezzled. Although the actual embezzlement occurred throughout the term of office, the Supreme Court held that the cause of action did not accrue until the treasurer failed to pay over the funds to a successor trustee. In other words, the treasurer may have violated his duty to the public by embezzling the funds, but no substantial injury was caused to the public until the term of office was completed and the funds were not paid to a successor trustee. The Supreme Court elaborated:

"In general, a cause of action accrues so as to commence the running of the statute as soon as the right to maintain a legal action arises, the true test being at what point in time the appellant could first have filed and prosecuted his action to a successful completion." 221 Kan. at 547.

See *Yeager v. National Cooperative Refinery Ass'n*, 205 Kan. 504, 512, 470 P.2d 797 (1970); *Knight v. Myers*, 12 Kan. App. 2d 469, 474, 748 P.2d 896 (1988) ("[A] cause of action accrues as soon as the right to maintain a legal action arises.").

■■■■■■■

As in *Masterson*, the plaintiff in this case could not have filed and maintained an action against defendant for a breach of duty unless and until he suffered some injury or some damage by that breach. Until such time as the note was converted, plaintiff's damages were purely speculative and were not sufficient to support the filing of an action.

Although complete certainty is not required, "[d]amages cannot be awarded when they are too conjectural and speculative to form a sound basis for measurement." *Johnson v. Baker*, 11 Kan. App. 2d 274, 276, 719 P.2d 752 (1986). In the law, a cause of action cannot be sustained when no damages can be shown. See *Hoffman v. Haug*, 242 Kan. 867, 870-72, 752 P.2d 124 (1988). In *Roe v. Diefendorf*, 236 Kan. 218, 222-23, 689 P.2d 855 (1984), the court stated:

"We hold the use of the term 'substantial injury' in the statute [60-513(b)] does not require an injured party to have knowledge of the full extent of the injury to trigger the statute of limitations. *Rather, it means the victim must have sufficient ascertainable injury to justify an action for recovery of the damages*, regardless of extent. An unsubstantial injury as contrasted to a substantial injury is only a difference in degree, *i.e.*, the amount of damages. . . . Therefore, we construe the phrase 'substantial injury' in K.S.A. 60-513(b) to mean 'actionable injury.' " (Emphasis added.)

In this case, defendant had an option—he could elect to collect money under the note or he could elect to convert the note into stock. Until he elected to convert the note to stock, there was no damage. Failure to take elective action does not present a cause of action. See *Mildfelt v. Lair*, 221 Kan. 557, 561 P.2d 805 (1977); *Souder v. Tri-County Refrigeration Co.*, 190 Kan. 207, 373 P.2d 155 (1962); *Hedges v. Keas*, 180 Kan. 540, 306 P.2d 181 (1957).

We hold that plaintiff's cause of action did not accrue until May 1995 when defendant converted the note to Rosedale shares. It follows that plaintiff's action was filed within the period of the statute of limitations, and the trial court's order to the contrary is reversed.

Defendant argues in the alternative that the question of when a substantial injury occurs is a question of fact which must be decided by a jury. Certainly, it may be true that when evidence as to the

accrual of a cause of action is subject to different interpretations, it is or may be a question of fact. In this case, however, there is no factual uncertainty in the material facts as to when the cause of action accrued. For that reason, we can and do decide as a matter of law when the cause of action accrued. See *McCaffree Financial Corp. v. Nunnink*, 18 Kan. App. 2d 40, 54-55, 847 P.2d 1321 (1993).

## MOTION TO STRIKE

Plaintiff filed a motion asking this court to strike portions of defendant's brief. These portions of defendant's brief assert alternative arguments on appeal. Plaintiff argues that defendant is barred from raising these arguments because he failed to object to the trial court's ruling and failed to preserve the issues for appeal.

We conclude that plaintiff's argument is without merit. Defendant raised both of his arguments as alternative grounds in his motion for summary judgment. The trial court acknowledged the arguments but declined to rule on them because it disposed of the case on a statute of limitations issue.

We find the issues are properly raised and deny plaintiff's motion to strike.

## DERIVATIVE ACTION

Defendant argues that summary judgment was also appropriate in this case because plaintiff failed to bring this case as a derivative action. We disagree.

In *Richards v. Bryan*, 19 Kan. App. 2d 950, 879 P.2d 638 (1994), we considered the question of whether an action should be brought as a derivative action or as an individual damage suit. In that opinion, we said:

"Therefore, we conclude that if a corporation is closely held, a court, in its discretion, may treat an action raising derivative claims as a direct action if it finds to do so will not (1) unfairly expose the corporation to a multiplicity of actions; (2) materially prejudice the interests of creditors in the corporation; or (3) interfere with a fair distribution of the recovery among all interested persons." 19 Kan. App. 2d at 965.

The three-part test set out above requires findings of fact which were not addressed by the trial court in this case and which would

almost certainly be disputed by the parties. The resolution of the derivative lawsuit issue involves disputed questions of fact and is not appropriate for summary judgment. *Mitzner*, 257 Kan. at 260-61.

## NO BREACH OF FIDUCIARY DUTY

Defendant argues that the trial court's decision should be affirmed because it could have granted summary judgment on the ground that there was no breach of fiduciary duty since defendant did not receive any preferential treatment. Defendant bases his argument on the fact that all shareholders, including plaintiff, had the right to purchase the convertible notes in question. While defendant claims that the fact he did not receive preferential treatment is shown by the uncontroverted facts, we find that these facts were controverted by plaintiff. The trial court made no ruling on the issue because it did not reach the issue. We conclude this issue was not appropriate for summary judgment because it involved a controverted issue of material fact. See *Mitzner*, 257 Kan. at 260-61.

We reverse the trial court's decision granting summary judgment on the ground of the statute of limitations and remand the matter for further proceedings consistent with this opinion and, if necessary, for a trial on the merits.

Reversed and remanded.