(18 P.3d 241)

No. 85,070

ROBERT J. BRAUN, *Appellant,* v. SIMON ROTH, JR., LELYN J. BRAUN, and DONALD E. SHULTZ, *Appellees.*

Opinion filed January 5, 2001.

*Robert J. Braun,* appellant pro se.

*Monte Vines* and *Patrick B. Hughes,* of Adams & Jones, Chartered, of Wichita, for appellee Donald E. Shultz.

No appearances by appellees Lelyn J. Braun and Simon Roth, Jr.

Before MARQUARDT, P.J., GREEN, J., and BUCHELE, S.J.:

MARQUARDT, J.: Robert J. Braun appeals the trial court's grant of summary judgment to Donald E. Shultz because Robert's petition was filed after the statute of limitations had expired.

In 1993, Simon Roth, Jr. and Lelyn J. Braun filed suit against Robert J. Braun alleging malicious prosecution. The petition was later amended to include causes of action for intentional verbal and physical assaults and punitive damages. In February 1994, Roth and Lelyn filed a motion for judgment on the pleadings, which was sustained. The trial court held a hearing and awarded damages of $140,000 and punitive damages of $20,000. Robert appealed to this court, and the decision of the trial court was re-

versed and remanded in *Roth v. Braun,* No. 75,401, unpublished opinion filed September 13, 1996, *rev. denied* 260 Kan. 995 (1996).

Roth and Lelyn refiled the case with the trial court. At some point, Roth and Lelyn moved to dismiss the case without prejudice pursuant to K.S.A. 1999 Supp. 60-241(a)(2). The trial court dismissed the case with prejudice. Roth and Lelyn appealed the dismissal, and the judgment was affirmed in *Roth v. Braun,* No. 80,363, unpublished opinion filed November 13, 1998.

On November 17, 1999, Robert filed suit against Roth, Lelyn, and their attorney, Donald E. Shultz. Robert alleged numerous causes of action, including: conversion; wrongful execution; intentional infliction of emotional distress; abuse of process; malicious oppression; collusion; and deceit. Roth, Lelyn, and Shultz all responded with the affirmative defense that the statute of limitations for Robert's actions had expired. Robert and Shultz filed motions for summary judgment.

The trial court determined that all of Robert's claims stemmed from this court's reversal of the judgment in favor of Roth and Lelyn, which was filed on September 13, 1996, and that the 2-year statute of limitation applied to all of Robert's claims. The trial court granted Shultz' motion for summary judgment and dismissed Robert's claims. Robert timely appeals to this court.

On appeal, Robert claims that the date for determining the applicable statute of limitations is not when the acts occurred, but when the cause of action accrues. Robert argues that the first time he could have prosecuted this case to a successful conclusion was December 23, 1998. Robert contends that the statute of limitations for his claims as tolled during the remand proceedings on Roth and Lelyn's original action, and he did not have the opportunity to file an action until a final judgment was rendered.

Summary judgment is proper where the only question or questions presented are questions of law. *Bold v. Spitcaufsky,* 24 Kan. App. 2d 135, 137, 942 P.2d 652, *rev. denied* 262 Kan. 959 (1997). The standard of review for a motion for summary judgment is well established. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. K.S.A. 60-256(c). On appeal, we apply the same rules, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Jackson v. U.S.D. 259*, 268 Kan. 319, 322, 995 P.2d 844 (2000).

K.S.A. 1999 Supp. 60-513(a)(4) states that an action for injury to the rights of another, not arising on contract, and not herein enumerated, shall be brought within 2 years.

In general, the running of the statute of limitations for a cause of action commences as soon as the right to maintain a legal action arises, the true test being at what point in time the plaintiff could first have filed and prosecuted his or her action to a successful completion. *Bold*, 24 Kan. App. 2d at 141. A plaintiff cannot file and maintain an action against a defendant until he or she suffers some injury or some damage. Complete certainty is not required, but damages cannot be awarded when they are too conjectural and speculative to form a sound basis for measurement. *Bold*, 24 Kan. App. 2d at 142.

The statute of limitations is not tolled during the pendency of litigation between parties who are seeking to have the same matter adjudicated on another basis. 51 Am. Jur. 2d, Limitation of Actions § 207, p. 584.

The judgment against Robert was reversed on September 13, 1996. At that point, Robert could have filed his complaint against Roth and Lelyn. He knew what damages he suffered as a result of the judgment and could begin to prosecute his case to completion. See *Bold*, 24 Kan. App. 2d at 141-42.

It is inconsequential that Roth and Lelyn could have refiled their case. Robert knew in September 1996, that he could file his complaint. It was not necessary for Robert to wait until this court ruled on Roth and Lelyn's appeal from the dismissal with prejudice before filing his action.

We agree with the trial court that Robert's causes of action were barred by the applicable statute of limitations.

Affirmed.