ADAM ROTTMAN v. LEVI C. WASSON.

*Error from Franklin County.*

1. REAL CONTRACT: AUTHORITY OF AGENT.—The authority of an agent to contract for the sale of the lands of his principal may be established by parol evidence.
2. STATUTE OF FRAUDS.—Section eight of chapter twenty-two of the General Statutes [p. 186] has no reference to the constituting of an agency with authority to make contracts for the sale of lands, in whom no estate is created.

The facts of the case fully appear in the opinion of the court.

*Thacher & Banks*, for plaintiff in error.

*D. W. Hoffman*, for defendant in error.

*Thacher & Banks, for plaintiff*, contended:

1. If the English statute relating to the matters involved in this inquiry [29 *Car.*, 2 *Chap.*, 3, §§ 4, 17] has been incorporated into our law, it is in a form so modified that the original has lost its identity. In but three states has the English statute been preserved intact, even in substance, viz: Georgia, Maryland and South Carolina. [*Brown on Frauds*, 394, § 370 "*a*" *and on.*] In Kansas the ground covered by that part of the English statute relating to this case has been legislated upon in acts relating to "conveyances," "trusts and powers," and "frauds and perjuries." Our statute of frauds [*Gen. Stat.*, *p.* 505, § 6] provides that the agent must be "*lawfully* authorized." The case turns upon the construction of this language.

2. Eminent jurists have regretted the first arbitrary decisions whereby it was holden that parol authority was

sufficient. [*Mortimer v. Crowell, Hoff. Ch. R.*, 352; 10 *Paige Ch.*, 386, 394; *Fell on Guar. and Sur.*, 392.] Fell says: "Perhaps the intention of the legislature would have been better carried into effect if the decisions had been that the authority should be in writing," [*p.* 391.] *See also Worrall v. Munn*, 5 *N. Y.*, 239.

3. Our legislature in the chapter on conveyances have provided against the introduction of this *tertium quid* into our law, by inserting a section providing that powers of attorney, and all other trusts and powers pertaining to lands, shall be executed in the same manner as deeds of conveyance. [*Gen. Stat.*, 186, § 8.] This section must be construed in connection with section six of the statute of frauds and perjuries. The chapter being one on conveyances, the word powers in the eighth section will be construed to mean powers to convey.

4. An ordinary power of attorney is included in the general term power, as a collateral power. [4 *Kent. Com.*, 360, 362, [317] 363; *Sugden on Powers*, 46, 49; 2 *Bouv. Dic.*, 361–2.] Powers, used in the sense of the statute of uses, are provided for in our chapter on uses and trusts. This chapter seems to recognize powers to dispose of land, [§§ 13, 15,] but provides that its provisions shall not extend to a simple power of attorney to convey lands, etc. [*Gen. Stat.*, 1099, § 19.] These are provided for, as we have seen, in our chapter on conveyances, the appropriate place therefor. The provisions of this chapter cover agreements to convey.

*Hoffman, for defendant*, maintained:

1. The authority to make the contract sued upon is not a pleadable fact in a case like the one at bar. 1 *Abb. Pr. and Pl.*, 209, Note "*A*," *and cases cited*.

2. But on the facts of the case it is insisted: The

authority to make a valid contract for the sale of lands need not be written. An agency can be revoked; and if the agency in question is also a power, the contract should contain a revocation clause. [§ 17, *Ch.* 114, *Gen. Stat.*] Besides, by the statute of frauds the contract should be in writing, but need not be acknowledged. [*Fry on Sp. Perf.*, 229.] And the authority to make the contract need not be written. *Brown on Fr.*, § 370, "*A;*" *Fry on Sp. Perf.*, 236, § 354, *Note* 11, *and cases cited.*

3. If plaintiff in error is right, then the authority to make the contract must be written and acknowledged like a deed, while the contract itself need only be written and signed: an absurdity.

4. But authority to make a contract to sell lands is not a power. Power of sale means in law, power to convey, and must be in writing. [*Gen. Stat., Ch.* 22, §§ 22, 23.] This is termed a simple power of attorney to convey lands, and by express provision is not a power or trust. *Ch.* 114, § 19, *id.*

5. The authority to make a contract to sell is not of so high a nature. Section eight of the chapter on conveyances contemplates powers in relation of real estate, which is one of the general divisions of powers, [2 *Bouv. Dic.*, 362, §§ 6, 7,] and does not refer to agencies to contract. In construing this statute, by the light of its title, [1 *Kent*, 469, *and cases cited*,] we conclude the authority contemplated therein was one to convey. To hold otherwise destroys the settled law of such agencies, as they exist under chapter forty-three, section six, and will render nugatory chapter one hundred and fourteen, section nineteen. The three chapters, on frauds and perjuries, on conveyances, and on trusts and powers, were passed at the same session.

6. But the legislature, in passing the statute of

frauds, adopted the construction put thereon by the courts. [3 *Scam.*, 288; 2 *Pet.*, 1; 21 *Verm.*, 256; 23 *Miss.*, 213; 13 *Ill.*, 15.] Section eight, chapter twenty-two, is identical with the Iowa code of 1851, section one thousand two hundred and five. The Iowa courts say that a power to sell, meaning authority to contract to sell, may lie in parol authority. [*Rudolph v. Covell*, 5 *Iowa*, 531; see, also, 24 *Iowa*, 435.] And in England, on a similar statute, see *Browne on Frauds*, 512, § 7; *Fry on Sp. Perf.*, 236, 237, § 354, *Note* 11.

Similar statutes have been passed in Alabama, Arkansas, Florida, Illinois, Maine, Massachusetts, Missouri, New Hampshire, New Jersey, Vermont and Wisconsin. And for cases thereunder, to the effect contended for by defendant in error, see 14 *Wisc.*, 641; 15 *Mo.*, 29; *id.*, 439; 17 *Ill.*, 433, 441; 15 *id.*, 407, 411; 4 *Greenl.*, 258; 19 *Pick.*, 505; 8 *id.*, 9; 7 *Mass.*, 235; see, also, 6 *Verm.*, 383; 4 *Pick.*, 179.

7. Parol authority is good, at all events against the principal, [5 *N. Y.*, 239,] and the act has been ratified. This makes it valid. 14 *Wisc.*, 641; 24 *Wend.*, 325; 5 *Hill*, 113; 3 *Kerr*, 594; 12 *Mass.*, 60; 13 *id.*, 361, 379; 13 *Pick.*, 379.

8. The ratification is shown by a reception of a part of the purchase money, and by a want of a showing of a prompt disaffirmance. 1 *Pars. Contr.*, 46, [2d *Ed.*]; 14 *S. & Rawle*, 27; 8 *How., U. S.*, 134; 10 *Paige*, 126; 16 *Penn.*, 289; 3 *Mass.*, 70; 8 *Pick.*, 9; 12 *Metc.*, 343.

9. No substantial rights have been affected by the decision below. So the judgment should not be reversed. 2 *Kas.*, 490; 22 *Iowa*, 231, 498; 19 *id.*, 565; 17 *id.*, 30, 317.

*By the Court,* KINGMAN, C. J.

This is an action brought in the court below by de-
fendant in error to enforce the specific performance of a
contract for the sale of land.   The question involved is
whether the agent is shown to have been legally empow-
ered to bind the plaintiff in error in making the contract.

The agreed state of facts on which the case was deci-
ded is as follows :

"That the defendant is the owner of the land in the
petition mentioned; that he authorized said J. O. W.
Paine to sell said land; that said authority was not in
writing; that said instrument in writing in the petition
set forth was executed as set forth therein, but that said
Paine, who signed the defendant's name to said instru-
ment in writing, had no written authority or appointment
so to do; that the plaintiff has deposited in court, the
sum of money in said petition mentioned; that said
defendant refuses to execute a deed to said land, as is set
forth in the petition."

These facts with the allegations of the pleadings,
raise the question whether an agent can bind his princi-
pal in a contract for the sale of land, when not author-
ized so to do in writing.   A question just now of consid-
erable practical importance to the community generally,
as well as to the parties to this suit.

REAL CONTRACT: That the authority of an agent to contract for
Agent's authori-the sale of land may be established by parol
ty may be by pa-
rol. evidence, notwithstanding section six of the
statute of frauds and perjuries [*General Statutes*, 505] is
so well settled by a long course of adjudications, that it
would be superfluous for this court to give reasons for
upholding the rule.   It has long been a rule of property,
well known and acted upon, and at this moment is doubt-

less the basis of thousands of contracts in this state. To disturb a construction of that statute, so long and generally upheld, upon any real or fancied error in the reasoning upon which it was originally based, would be a perversion of the powers and duties of this court, no less than a great hardship and injustice to the many innocent parties who would be the sufferers by it. Ours is the much simpler duty of declaring the law as we find it, and leave the legislature to change it, if a change is deemed desirable. The addition of the two words, "*in writing*," to the section as it now stands, would make the change, and the statute would be what the counsel for the plaintiff in error desires us to declare it to be. It must be presumed that the legislature in its recent action in readopting the section as it stands, knew what it had been construed to mean and understandingly passed it in its present form, with the construction that had been given it in this country and in England. To change it therefore, would be an act of legislation rather than construction.

We refer to a few of the cases where the point has been decided as indicated. [*Shaw v. Nudd*, 8 *Pick.*, 9; *The inhabitants of Alma v. Plummer*, 1 *Maine*, 1; *McWorter v. McMahon*, 10 *Paige*, 386; *Worrall v. Munn*, 5 *N. Y.*, 229; *Dodge v. Hopkins*, 14 *Wisc.*, 641; *Johnson v. Dodge*, 17 *Ill.*, 433; *Doty v. Wilder*, 15 *id.*, 407; *Irvine v. Thompson*, 4 *Bibb*, 295.] In England; *Coles v. Trecothic*, 9 *Vesey, Jr.*, 249; *Emmerson v. Hulis*, 2 *Taunton*, 38; *White v. Proctor*, 4 *id.*, 209.

The counsel for the plaintiff in error refers to section eight in the chapter on conveyances, [*Gen. Stat.*, 186,] as furnishing a rule for the guidance of the court in this case. This section has no application, because the chapter and section treat of conveyances and not of executory

sales, such as is the one at bar; and because the words used, "trusts or powers" have no reference to the constituting of an agency in which no estate whatever is created, but simply an authority to sell land.

The point as decided above was also raised on the demurrer to the answer, and attempted to be raised by the demurrer to the petition. The action of the court below in sustaining the demurrer to the answer, is approved upon the principles herein settled, and overruling the demurrer to the petition on these as well as other grounds, not necessary here to state. 1 *Maine*, 1.

The decision must be affirmed.

All the justices concurring.