LAURA D. MILLER, as Administratrix, etc., Appellee, v. H. C. WILEY, Appellant.

No. 17,569.

SYLLABUS BY THE COURT.

AGENCY—Real-estate Contract—"Earnest Money"—Forfeiture. A real-estate agent who undertakes to sell a farm for a certain price net to the owner, and contracts a sale which if carried out would bring him a large commission over such net price and receives as earnest money a sum which under the terms of his contract with the purchaser is at the option of the vendor to be forfeited for noncompliance, and who retains the earnest money—the purchaser having failed to per-

form—is liable to the owner of the land as an agent having money in his hands belonging to his principal, although the agency was evidenced by no written contract or memorandum.

Appeal from Finney district court. Opinion filed April 6, 1912. Affirmed.

. *R. W. Hoskinson,* and *Albert Hoskinson,* for the appellant.

*H. O. Trinkle, Fred S. Dunn,* and *Jesse J. Dunn,* for the appellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff was administratrix of her husband's estate, which included the land in controversy. She obtained permission of the probate court to sell the land for the payment of debts, and her father, who acted as her agent, listed it with the defendant, telling him to sell it for $15,000, net to the estate, one-half cash, balance on terms to suit purchaser. The father stated that a memorandum had been made which he thought he signed but was not sure; that he had not been able to procure it, and the defendant's office men said it was lost. The defendant entered into a contract for the sale of the land with John A. Wright, by the terms of which Wright agreed to purchase it for $18,500, to pay $1000 earnest money, to be applied on the purchase when consummated, and to pay within one year after' the title had been examined and found good $5000, provided a warranty deed should then be ready for delivery, balance to be paid in four equal annual installments, a complete abstract of title brought down to date to be furnished at the expense of the defendant. In case the seller should for any reason fail to perform the contract, or if any material defects in the title should not be made good within sixty days after written notice, the earnest money was to be refunded and the contract to become void. If the purchaser

failed to perform the contract promptly the earnest money was to be at the option of the vendor forfeited as liquidated damages. Another provision was: "This contract and earnest money shall be held by The Great Western Land Co., for the mutual benefit of the parties hereto." As a matter of fact Wiley, the defendant, was the Great Western Land Co. This contract was signed by Wiley and by Wright. After the defendant had notified the plaintiff that a sale had been made an ab-. stract was furnished within about a month and given to the defendant, and no objection was made thereto. Wright did not comply with· the contract. There was never any request made for a deed, and the defendant stated that Wright had refused to pay the 5000-dollar note; and when told by plaintiff's father that the land would have to be sold to someone else the defendant said:

"All right, go ahead and sell it. I will be glad for you to sell it and I will help you.".

This was an action to recover the $1000. At the close of the evidence, substantially as stated, a demurrer to which was overruled, the court instructed the jury to return a verdict for the plaintiff, which was done. The defendant appeals. The. answer was a general denial. It is contended that owing to the provision in the contract that the earnest money should be held for the mutual benefit of the parties, the defendant should not be called upon to respond until Wright's interests are also litigated, but there was no motion to make him a party and the question could not be raised by an objection to testimony or a demurrer to the evidence. The main contention, however, is that the plaintiff can not recover because there was no contract or memorandum as required by the statute of frauds. The executrix did not authorize her father in writing or the defendant in writing to sell the land, but the agent with whom ·the father listed the land prepared a written contract which he and the purchaser both signed.. The ques-

tion therefore is whether, if the statute applies, it was sufficient for the defendant, Wiley, to have signed the contract which he made with Wright. If, however, the defendant, without any writing or memorandum, contracted to sell the plaintiff's land and received as her agent a thousand dollars, which was forfeited by the failure of the vendee to comply with the contract, the further question remains whether this can be recovered by the plaintiff on the ground that it belongs to her. We do not think the statute applies. The defendant undertook, as agent of the plaintiff, to sell the land and collected $1000 on account thereof, which, under the circumstances, belongs to his principal. He was to have no commission unless the sale should net the estate $15,000. The earnest money was at the option of the defendant to be forfeited for noncompliance of the purchaser, who without dispute failed to perform, and the money is in Wiley's hands, and even he does not claim that it belongs to him. We regard it as an ordinary case of an agent being required to pay over to his principal money belonging to him. It is not an action to charge the defendant upon a contract for the sale of lands but one to recover money in his hands. (*Rottman v. Wasson,* 5 Kan. 552; *Ayres v. Probasco,* 14 Kan. 175, 188; 20 Cyc. 234.)

The judgment is affirmed.