No. 38,047

SIEGMUND DEINES, *Appellee,* v. WILLIAM E. FREVERT and MRS. WILLIAM E. FREVERT, his wife, whose true given name is unknown, *Appellants.*

(224 P. 2d 1023)

Opinion filed December 9, 1950.

*Richard M. Driscoll* and *Jerry E. Driscoll,* both of Russell, were on the briefs for the appellants.

*C. R. Holland* and *Marvin E. Thompson,* both of Russell, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for a real estate commission. The appeal is from an order of the court overruling defendants' demurrer to plaintiff's amended petition.

In the petition, filed March 18, 1949, and the amended petition, filed in May of that year, plaintiff alleged "that he is a duly licensed real-estate broker under a license issued by the Kansas Real Estate Commission and that he is engaged in the business of a real-estate broker" at a stated address in Russell, Kan.; "that on or about the 18th day of February, 1949, the said defendants who were then the owners" of a described lot in Russell, on which a residence was situated, "orally requested this plaintiff to act as their agent and broker for the sale of said premises, and which premises were listed for sale at the sum of $9,750"; and in the event plaintiff secured a purchaser for the premises at that price defendants would pay plaintiff a commission of five percent on the first $1000 and two and one-half percent on each additional $1000. Plaintiff further alleged that pursuant to the oral agreement he attempted to secure a purchaser for the premises and contacted one James H. Wigglesworth and showed the premises to him and his wife in an effort to sell it to them; that on February 22, Wigglesworth advised plaintiff that he was willing and able to purchase the property from defendants for $9,750; that on the same day plaintiff notified defendants of that fact, and on the same day Wigglesworth and wife entered into a written agreement with defendants for the purchase of the property; that thereafter, and on or about February 23, defendants refused to proceed with the sale or to make and execute a warranty deed, and canceled the written agreement to sell, although Wigglesworth was able and willing to complete the purchase of the real estate. It was further alleged that by reason of the facts stated defendants are indebted to him in the sum of $268.75, for which sum he prayed judgment.

Defendants filed a demurrer to this amended petition upon the ground that it fails to state facts sufficient to constitute a cause of action in favor of plaintiff and against defendants, and that the court had no jurisdiction of the subject matter of the action. This demurrer was considered by the court and overruled.

In this court, while other questions are argued, appellants' principal contention is that the petition does not comply with the mandatory terms of the Kansas Real Estate Brokers License Act. This is a comprehensive statute enacted in 1947 (Ch. 411, Laws 1947; the portion important here is now G. S. 1947 Supp. 67-1001 to 67-1021) defining real-estate brokers and real-estate salesmen, providing for their regulation, supervision and licensing, creating the Kansas Real Estate Commission, and prescribing its powers and duties,

providing for the enforcement of the act, and providing penalties for violation thereof. The pertinent portions of the act relied upon by appellants read:

"No person, partnership, association or corporation shall engage in, or carry on, or advertise, or hold himself, itself or themselves out as engaging in or carrying on the business of or act in the capacity of a real estate broker or a real estate salesman within the state of Kansas without first obtaining a license as a real estate broker or a real estate salesman, as provided in this act: *Provided*, That this section shall not apply to partnerships, associations or corporations whose members, officers and employees are licensed as provided in section 12 [67-1006] of this act." (G. S. 1947 Supp. 67-1004.)

"Any person engaged in the business of acting in the capacity of a real estate broker or real estate salesman within this state, shall not be permitted to bring or maintain any action in the courts of Kansas for the collection of compensation for the sale of real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman or a partnership, association or corporation whose members, officers and employees are licensed as required by this act, at the time the alleged cause of action arose." (G. S. 1947 Supp. 67-1019.)

Appellants point out that the petition does not allege plaintiff was a licensed real-estate broker on February 18 to 23, when this cause of action arose. Counsel for appellee recognize this limitation; but contend that fact may be inferred from other portions of the petition. We think the legislature had a definite purpose in prohibiting any person to bring and maintain any action in the courts of Kansas without alleging and proving that he is a duly licensed real-estate broker at the time the alleged cause of action arose; that this matter was not to be governed by inferences which might be the subject of controversy. Counsel for appellee concede there is merit in appellants' contention that the amended petition should have alleged that plaintiff was the holder of a certificate or license issued by the Kansas Real Estate Commission on or prior to February 18, but contend the matter was not raised in the trial court when the demurrer was presented and for that reason should now be considered as having been waived by the appellants. There is nothing in the record to show that the point was not raised in the trial court, and the fact that it was not so raised is not conceded by appellants. Counsel for appellee further say:

"If, however, this court should deem this particular defect to be vital, then it should give the appellee the right to amend this petition by alleging this particular fact."

We think the matter vital. The legislature made it so. The place

to amend the petition, however, is in the trial court and not here. We have not treated other arguments made by appellants as to why the demurrer should have been sustained. In redrafting the petition, however, counsel for plaintiff may give attention to them.

The judgment of the trial court is reversed with directions to sustain the demurrer to the amended petition.