No. 49,040

MARCOTTE REALTY & AUCTION, INC., *Appellant,* v. MELVIN SCHU-MACHER, AND SCHUMACHER BROTHERS, INC., *Appellee.*

(589 P.2d 570)

Opinion filed January 20, 1979.

*Bruce W. Kent,* of Ryan, Kent & Wichman, Chartered, of Hays, argued the cause, and *Ross J. Wichman,* of the same firm, was on the briefs for the appellant.

*John T. Bird,* of Hays, argued the cause, and *Robert F. Glassman,* of Hays, was on the brief for the appellees.

*John Anderson, Jr.,* of Anderson, Granger, Nagels and Lastelic, Chartered, of Overland Park, was on the brief for the *amicus curiae* Joseph K. Berglund.

*Robert E. Keeshan,* of Scott, Quinlan & Hecht, of Topeka, was on the briefs for the *amicus curiae,* Metcalf View, Inc.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an action by a real estate broker for a commission for selling property in Ellis County, Kansas, under an alleged oral real estate agency contract. The trial court granted summary judgment to the defendant landowners. On appeal the question presented concerns the force and effect of K.A.R. 86-3-8(a) which requires all real estate listing agreements to be in writing.

In March of 1976, Melvin Schumacher (defendant-appellee) contacted Henry Marcotte, owner of Marcotte Realty & Auction, Inc., (plaintiff-appellant) by telephone. The defendant stated he wished to sell a section of land which belonged to the Schumacher Corporation and was located in Ellis County, Kansas, for $350 per acre. Mr. Marcotte testified the two agreed upon a sales commission of six percent of the sale price.

Thereafter plaintiff advertised the real estate for sale in the

normal course of its business and attempted to find buyers for the property. Unable to sell the real estate at $350 per acre, however, Mr. Marcotte testified he contacted the defendant on July 1, 1976, and amended the agreement whereby plaintiff would receive a six percent commission for procuring a buyer at $250 per acre. Mr. Marcotte stated the plaintiff received a 30-day exclusive contract. He said a written exclusive listing contract for 30 days was mailed the same day to Mr. Schumacher, but the exclusive listing contract was never returned to his office.

On the morning of July 16, 1976, Mr. Leo Hayden, plaintiff's sales representative, showed the property to Mr. Don Buster, president of G-S-L, Inc., of McCracken, Kansas. Mr. Buster decided to buy the land and signed a real estate purchase contract for warranty deed. He accompanied Mr. Marcotte to the defendant's home to deliver the contract together with a $16,000 down payment at approximately 7 o'clock that same evening. Both Mr. Marcotte and Mr. Buster testified the defendant read the contract and made no objection at that time to the real estate sales agreement or the $16,000 down payment.

Subsequently the contract between the defendants and the buyer, G-S-L, Inc. was closed. Despite plaintiff's demand the defendant refused to deliver a commission of $9,600. Plaintiff then filed this action for the $9,600 commission alleging it procured a ready, willing and able buyer for defendant's real estate. The defendant denied an agreement with the plaintiff for the six percent agent's commission and alleged that any oral agreement would have been contrary to the rules and regulations of the Kansas Real Estate Commission. The disputed $9,600 commission was placed in escrow with the clerk of the District Court of Ellis County pending judgment.

After hearing the plaintiff's evidence, including the testimony of Mr. Buster that he did not agree to pay plaintiff a commission, the trial court granted judgment for the defendants at the close of plaintiff's evidence. The findings provide in part:

"[T]he facts in this case as established by the plaintiff's evidence, are as follows: That there may have been an oral contract to sell real estate at 6%. There is certainly the basis for a quantum meruit recovery. It is clear from the plaintiff's evidence that the plaintiff was the efficient and procuring cause of the consummated sale. It is equally clear there was no written contract. Plaintiff's exhibit #3 was mailed out without the plaintiff's signature; it never came back with the defendant's signature. There was no testimony that the defendant by any act or

conversation on his part ratified this written contract that was signed by nobody. The contract is not a memorandum. It can't be a memorandum unless signed in part by somebody. There is simply not a written contract. Plaintiff has the basis for recovery on oral contract or on quantum meruit, but by the plaintiff's evidence it is not under a written contract. Now, that is what the plaintiff's evidence shows.

"That forces the Court then to consider whether the plaintiff is barred from recovery because he didn't get a written listing. This is not covered by our Statute of Frauds in Chapter 33. Oral broker's contracts have, in the past, been enforceable. It is covered, if at all, by Rule #86-3-8 of the Real Estate Commission promulgated apparently in 1975, published in the Kansas Administrative Regulations, and for whatever significance, deemed to have the force and effect of law once it is published and filed under K.S.A. 77-425. That administrative regulation prohibits a broker from taking a listing at all unless he takes it in writing.

" . . . . It is obvious to the Court that the purpose behind 86-3-8 is protection of the public and seller, not the realtor. The concept of a realtor being able to recover in a court of law under a theory and under a contract that would make him eligible for disciplinary action by the Realtor's Commission is disturbing to the Court.

"The Court is going to hold that 86-3-8, an administrative regulation, has the force and effect of law in this state, and that it bars the realtor's recovery in this case. The Court is going to hold that under the authority of the Real Estate Commission to make rules and regulations for the carrying out of the Real Estate Brokers and Salesmen's Act, these rules and regulations become a part of that act. . . .

"Now, in view of that holding the Court is going to sustain the defendant's motion for judgment at the close of the plaintiff's evidence."

The issue raised in this appeal is whether the trial court erred in sustaining the appellee's motion for judgment at the close of the plaintiff's evidence. Specifically the appellant complains K.A.R. 86-3-8(a), which requires all listing agreements to be in writing, operates as Statute of Frauds. We note the regulation has since been amended by the Real Estate Commission.

Kansas has *no statutory prohibition* concerning an oral real estate contract which applies to the situation here. The Statute of Frauds barrier to the collection of a realtor's commission is not applicable because our cases have consistently construed the agreement between realtor and client as that of employment between principal and agent. *Durkee v. Gunn,* 41 Kan. 496, 21 Pac. 637 (1889); see also *Lord v. Jackman,* 206 Kan. 22, 26-27, 476 P.2d 596 (1970); *Hiniger v. Judy,* 194 Kan. 155, 158, 398 P.2d 305 (1965); *Patee v. Moody,* 166 Kan. 198, Syl. ¶ 1, 199 P.2d 798 (1948). The cases have stated the Statute of Frauds at K.S.A. 33-106 has no application to the case at bar. *Miller v. Wiley,* 86

Kan. 926, 122 Pac. 888 (1912); see also *Oetken v. Shell,* 168 Kan. 244, 251, 212 P.2d 329 (1949), *aff'd* 169 Kan. 109, 217 P.2d 906 (1950); *McCrae v. Bradley Oil Co.,* 148 Kan. 911, 915, 84 P.2d 866 (1938); *Goodrich v. Wilson,* 106 Kan. 452, 454, 188 Pac. 225 (1920); *Robinson v. Smalley,* 102 Kan. 842, 843, 171 Pac. 1155 (1918).

Thus, if the appellant is precluded from collecting its commission, it is only because of K.A.R. 86-3-8. The pertinent provision in effect when this action arose provides that "all listing agreements must be in writing."

K.S.A. 58-3030 gives the Real Estate Commission authority to adopt such rules and regulations as are necessary to effect the efficient administration of the Kansas Real Estate Brokers' License Act. K.S.A. 1978 Supp. 74-4202(*b*), on the other hand, empowers the Kansas Real Estate Commission to do all things necessary and convenient for carrying the provisions of the Act into effect as well as authorizes the commission to promulgate necessary rules and regulations not inconsistent with the Act. It provides in part:

"The commission shall receive applications for, and issue licenses to, real estate brokers and real estate salesmen, as provided in this act and shall administer the provisions of this act."

The appellant contends the specific legislative grant of administrative authority extends to the *issuance of licenses* and the adoption of regulations consistent with its *licensing* authority. It asserts the extension of licensing regulations to the status of a Statute of Frauds exceeds the legislative grant of authority to an administrative body. We agree.

The power to adopt rules and regulations is administrative in nature and in order to be valid must be within statutory authority. If the regulation goes beyond that which the legislature has authorized or it violates the statute, it is void. *Goertzen v. State Department of Social & Rehabilitation Services,* 218 Kan. 313, Syl. ¶ 1, 543 P.2d 996 (1975); *Hartman v. State Corporation Commission,* 215 Kan. 758, 529 P.2d 134 (1974); *Amoco Production Co. v. Armold, Director of Taxation,* 213 Kan. 636, 518 P.2d 453 (1974).

Here the regulation in question was promulgated *after* the case law had developed in the area. Clearly the regulation goes beyond its statutory authority and substitutes standards for those im-

posed by the legislative act. To the extent it deviates from that licensing authority it is overly broad and void. In so holding we decline to follow *Green Mt. Realty, Inc. v. Fish,* 133 Vt. 296, 336 A.2d 187 (1975), a decision cited by the appellee on oral argument. On the facts here the administrative regulation operates as a Statute of Frauds and it is void.

That the Kansas Real Estate Brokers' License Act (K.S.A. 58-3001, *et seq.*) is clearly a licensing act and confined to the licensing of real estate brokers is illustrated by a reading of all its provisions and specifically by the provisions of K.S.A. 58-3015. This section of the Act enumerates 19 grounds which *authorize* the Kansas Real Estate Commission "to suspend or revoke any license issued under the provisions of" the Act, in addition to the making of material false or fraudulent representations in obtaining the license. None of the grounds enumerated authorize suspension or revocation of a license of a real estate broker or salesman who takes an oral listing contract to sell real estate.

Here a violation of the provisions of the Act, beyond which the regulations cannot go, is controlled by the legislative enactment itself.

In short, the specific regulation here in question is an attempt by the Kansas Real Estate Commission to legislate that which is clearly beyond its authority to regulate.

Next, the appellee asserts as a cross appeal that the trial court erred in failing to make findings and to sustain his motion for dismissal of the suit because the appellant failed to allege and prove it was a duly licensed real estate broker or real estate salesman or a partnership, association or corporation whose members, officers and employees are licensed as required by K.S.A. 58-3019.

K.S.A. 58-3019 provides:

"Any person engaged in the business of or acting in the capacity of a real estate broker or real estate salesman within this state, shall not be permitted to bring or maintain any action in the courts of Kansas for the collection of compensation for the sale of real estate without alleging and proving that such person was a duly licensed real estate broker or real estate salesman or a partnership, association or corporation whose members, officers and employees are licensed as required by this act at the time the alleged cause of action arose."

Thus, a person claiming to be a real estate broker cannot bring or maintain an action in the Kansas courts without alleging and proving that he is a duly licensed real estate broker at the time the

alleged cause of action arose and inferences as to this fact are not allowed by case law. See *Deines v. Frevert,* 170 Kan. 278, 279-80, 224 P.2d 1023 (1950); see also *Thomas v. Jarvis,* 213 Kan. 671, 674-75, 518 P.2d 532 (1974); *Lambertz v. Builders, Inc.,* 183 Kan. 602, 609, 331 P.2d 559 (1958). Furthermore, the statute also provides where a corporation is trying to recover its commission it must allege and prove its members, officers and employees are licensed.

Here the appellant's original petition did not allege that any member was licensed as required by the statute. However, the appellant amended its pleading to provide that John Leo Hayden, a licensed real estate salesman by the State of Kansas and employee of Marcotte Realty & Auction, Inc., actively solicited and obtained a ready, willing, and able buyer for the real estate. The trial court ordered the amendment relate back to the original filing of the petition. Moreover, Mr. Marcotte testified at the trial he was a member of the Hays and Kansas Board of Realty and his salesman was a licensed realtor. Therefore, the pleadings and testimony were sufficient under the statute, and no error exists in the trial court's action.

The judgment of the lower court is reversed and the case is remanded for a new trial.