(590 P.2d 106)

No. 49,518

DAN WHITMORE, *Appellant,* v. THE STATE OF KANSAS, THE DEPART-
MENT OF ADMINISTRATION, DIVISION OF PERSONNEL, KANSAS CIVIL
SERVICE COMMISSION, THE ADJUTANT GENERAL, TOPEKA-SHAWNEE
COUNTY DEFENSE CIVIL PREPAREDNESS AGENCY, THE CITY OF TO-
PEKA, and THE BOARD OF COUNTY COMMISSIONERS OF SHAWNEE
COUNTY, *Appellees.*

Opinion filed February 9, 1979.

*John R. Mettner, Jr.,* of Menendez and Mettner, of Topeka, for appellant.

*Leon B. Graves,* assistant city attorney, for appellees City of Topeka and
Topeka-Shawnee County Defense Civil Preparedness Agency; *Jonathan Small,*
assistant attorney general, for appellees State of Kansas and Adjutant General;
*Donna Voth,* assistant county counselor, for appellee Board of Commissioners of
Shawnee County; and *Donald P. Morrison,* chief attorney for appellees Depart-
ment of Administration, Division of Personnel, and Civil Service Commission.

Before MEYER, P.J., SPENCER and ABBOTT, JJ.

MEYER, J.: Plaintiff (appellant) was fired from his position as an
informational representative for the Topeka-Shawnee County
Defense Civil Preparedness Agency. He brings this action seek-
ing damages, back wages, and attorney fees. He also seeks rein-
statement to his former position.

The district court granted summary judgment in favor of de-
fendants (appellees) and it is from this judgment that this appeal
is taken.

When appellant was employed on January 25, 1975, he agreed
he would resign if he did not place among the five highest scorers
on the civil service examination for his position. He did not take
the examination until July, 1976, some 18 months after he began
his employment. Appellant did not score among the five highest
of those taking the exam and the county terminated his employ-
ment effective October 31, 1976.

It is clear that appellant's continued employment was contin-
gent upon the happening of a condition subsequent; the condi-

tion subsequent did not occur; plaintiff's employment was terminated. This case is in fact just that simple except that appellant now contends because he was employed in a civil service position for longer than six months, he became a permanent classified employee and could not be terminated without due process of law; that is, a hearing before the Civil Service Commission concerning the reasonableness of his termination. Appellant bases his argument on the language of K.S.A. 1976 Supp. 75-2945(1), which states in part:

"[N]o person shall receive more than one provisional appointment nor serve more than six months in any calendar year as a provisional appointee."

Appellee's response to appellant's argument is that the provisions of K.A.R. 1-8-2(a) provide:

"All original appointments from open competitive lists shall be subject to a probationary period of six months. If a written request by the appointing authority is received by the division of personnel on or before the end of the six months, the director may extend the probationary period of any employee, but in no case shall the total probationary period exceed one year."

K.A.R. 1-8-2(f) provides:

"A provisional employee who takes and passes the examination for the class in which he has been working may be retained in the position and shall be subject to a probationary period under the following conditions:
"(1) . . .
"(2) The agency must take positive action either to appoint from the certification or terminate the employee.
"(3) If appointed to a permanent position, each month of continuous service . . . immediately prior to the certification shall count as one of the months of service required by subsection (a) above."

No explanation has been offered why appellant was allowed to remain in his position for eighteen months before taking the exam, nor why he was promoted and sent to job seminars at state/county expense.

Appellant admits in his brief "that the courts have recognized that the whole point of the merit system of civil service is defeated if people can achieve, through nothing more than retention in a job beyond a certain time, what others must achieve through taking competitive examinations." He then argues that his employment involved more than retention beyond a certain time, namely the promotions and attendance of eighteen job-related seminars.

Here, the appellant was precluded both by his contract and by

the Kansas Administrative Regulations from attaining permanent civil service classification by the plain wording of each.

In *Goertzen v. State Department of Social & Rehabilitation Services,* 218 Kan. 313, 319-320, 543 P.2d 996 (1975), the court noted that because the civil service laws grant permanent status "to a state employee who meets certain requirements and certain benefits thereby attach (K.S.A. Chap. 75, Art. 29) that employee has an interest in continued employment which the state cannot infringe arbitrarily."

In the instant case, appellant did not meet the requirements necessary to be granted permanent status. He therefore did not acquire the "interest in continued employment" mentioned in *Goertzen.* Further, the appointing authority did not arbitrarily infringe upon whatever interest he did have. It was understood from the outset of appellant's employment he would be terminated if he failed to attain a certain scoring position on the civil service examination. He was terminated for that very failure, not because of any individual characteristics. He cannot, therefore, claim he is entitled to due process notice and hearing before the Civil Service Commission. The Commission was not unreasonable in concluding they had no jurisdiction.

K.S.A. 75-2925 provides "a merit system under which . . . selection of state . . . employees can be made on a basis of merit and fitness, to be determined by competitive examinations . . . . [T]he purpose of this act is to provide all citizens a fair and equal opportunity for public service . . . ."

This societal interest outweighs the singular individual interest of retaining appellant in spite of the results of the competitive examination. See also K.S.A. 1976 Supp. 75-2935.

A provisional employee under the state Civil Service Act, even one who has been retained in that status beyond the maximum period authorized by statute, has no property interest in his employment that entitles him to a hearing before the Civil Service Commission, under K.S.A. 75-2949, before his dismissal. The district court reviewed the record and determined the commission's refusal to hear the matter was not unreasonable, arbitrary, or capricious. The standard of judicial review of administrative decisions, as set forth in *Swezey v. State Department of Social & Rehabilitation Services,* 1 Kan. App. 2d 94, Syl. ¶ ¶ 1, 2, 3, 562 P.2d 117 (1977), is:

"A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority.

"In reviewing a district court's judgment, as above, this court, for the purpose of determining whether the district court observed the requirements and restrictions placed upon it, will make the same review of the administrative tribunal's action as does the district court.

"Whether there is any evidence to support the finding of an administrative agency, or whether the findings are contrary to the evidence, presents a question of law which is always open to review by the courts."

Appellant admits the general purpose of the Civil Service Act (especially see K.S.A. §§ 75-2925, 2935) will be contravened if he is given the benefit of the doubt regarding the language of K.S.A. 1976 Supp. 75-2945(1) ("no person shall . . . serve more than six months . . . as a provisional appointee").

We conclude that appellant was not harmed in his retention in employment beyond the six-month period, and that he had no vested interest in continued employment beyond that point in time.

Affirmed.